### ABADIE, for Use of ABADIE, v. TEXAS & N. O. R. CO. *
### No. 14518.

Court of Appeal of Louisiana. Orleans.
April 10, 1933.

Lemle, Moreno & Lemle, of New Orleans, R. V. Fletcher, of Chicago, Ill., and Charles N. Burch, H. D. Minor, and Clinton H. McKay, all of Memphis, Tenn., for appellant.

James G. Schillin, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff brings this suit on behalf of his minor daughter, Margaret Abadie, and he seeks to recover for her for injuries sustained when the automobile truck in which she was riding crashed into the center supporting pier of an overhead railroad trestle near Harahan, La. The suit was originally filed against the Texas & New Orleans Railroad Company, but later, by amendment, the Illinois Central Railroad Company was made party defendant.

In the matter of Frank J. Becker v. Illinois Central Railroad Company, 147 So. 378, decided by us to-day, we held that the proximate cause of the collision was the negligence of the driver of the truck, in that he was operating it at a very fast rate of speed, and because manifestly he failed to look ahead as he approached the overhead crossing. We denied recovery to the owner of the truck. Since the truck had been taken without the consent of the owner, no contributory negligence of the driver could be chargeable to or imputed to the owner, and we held that recovery should be denied solely on the ground that the railroad company was guilty of no actionable negligence and that the driver's negligence, as above set forth, was the proximate cause of the accident.

The only difference between this case and that is that here it is charged that plaintiff's daughter was herself guilty of contributory negligence because she made no protest at the excessive speed, nor at the failure of the driver to focus his attention on the road ahead, and it is also asserted that all the persons in the cab of the automobile truck were negligent because four of them had crowded into a space intended for only two and had thus interfered with the driver in his manipulation of the steering wheel, levers, and pedals.

Since the sole legal cause of the accident was the carelessness of the driver of the truck, and since no actionable negligence is chargeable to the defendant, it is not important that we determine whether plaintiff's daughter was or was not at fault in any of the particulars set forth.

In the district court, judgment was rendered for plaintiff for $3,000. Since we feel that there is no liability, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that plaintiff's suit be dismissed at his cost.

Reversed.

For written reasons stated in Frank J. Becker v. Illinois Central R. Co. (La. App.) 147 So. 378, decided this day:

WESTERFIELD, J., dissents.

HIGGINS, J., concurs.

*Rehearing denied May 22, 1933.